ANDREW MILLIKIN

v.

W. TROVER ET AL.

*Trespass—Ejectment of Poor-House Keeper.*

The possession of the real property of a county by an employe thereof is the possession of the county, and such employe refusing to vacate the same, upon being discharged from its employment, may be ejected by force, if necessary.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Edgar County; the Hon. J. F. HUGHES, Judge, presiding.

Messrs. H. S. TANNER, H. S. CLARK and DYAS & VAN DYKE, for appellant.

Messrs. JAMES A. EADS and HENRY VAN SELLAR, for appellees.

WALL, P. J. This case grows out of the controversy involved in the foregoing case. That was a suit against the county for discharging the plaintiff from the position of steward of the county poor farm before the expiration of the term of three years to which he claimed he had been appointed. We held the appointment void and affirmed a judgment based upon that view of the law governing the case.

The present case was an action of trespass against certain members of the county board who were by the board instructed to dispossess the plaintiff, he having refused to vacate the county poor farm when his appointment was rescinded by a formal vote of the board. The verdict was for the defendants and judgment passed accordingly.

It appears that the plaintiff declined to surrender the county property, and that no unnecessary force and no indignity was used in ejecting him and his goods from the premises. It is suggested that he was in possession of the rooms and building, which he occupied as a residence, and that only by the ordinary legal proceedings of ejectment or forcible detainer could he be dispossessed. The fallacy here is in assuming that he was in possession adverse to the county. His possession was that of the county merely. He had no possession in his own right as against the county, and whenever he was dis-

charged the county had the right to eject him by force if necessary, just as any employer might put off his premises an employe whom he had lawfully discharged, *e. g.*, a hostler who slept in his barn, or a clerk who slept in his store. Having no right to remain longer the employe so discharged might be treated as any other intruder and put off the premises, using no unnecessary force in so doing.

The record in the present case discloses more definitely than in the former what were the terms and conditions of the employment of the plaintiff, and it seems that there was an almost complete delegation of the duties of the county to the plaintiff, who, for a given sum, undertook to care for the poor and insane, furnish medicines and medical treatment, etc.

It is not surprising that the situation soon became such that the board found it necessary, in the interest of humanity, to interfere. The resolution of removal was ignored, and the right of removal was denied by the plaintiff. If the board had the right to discharge him there was but one thing to do, and that was to put him out by force.

In the very nature of things it was out of the question to await the slow process of law to obtain a writ of possession, if indeed any action could be predicated upon the facts, while the poor and insane were suffering for the want of such care as was due from the county. The judgment is right and will be affirmed.

*Judgment affirmed.*